UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV180-EHJ

DOLORES J. HAYSE                                                                         PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                   DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Dolores Hayse ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner must be vacated and the matter remanded for further proceedings.

PROCEDURAL HISTORY

On February 2, 2005, Claimant filed application for Supplemental Security Income payments, alleging that she became disabled as of May 3, 2003. After a hearing, Administrative Law Judge Heavrin ("ALJ") determined that her cervical degenerative disc disease and degenerative joint disease of the left knee were severe impairments, but that they did not prevent her from performing her past relevant work as cleaner/housekeeper and laundry sorter. This became the final decision of the defendant Commissioner when the Appeals Council denied review on February 1, 2007.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in his determination that she had no more than mild limitations of function due to depression. Tr. 14-15. In support of the objection, Ms. Hayse points out that the ALJ failed to comment on the February 26, 2004 report submitted by C. David Tollison and Jerry C. Langley, who examined claimant at her treating physician's request. This report states the significance of psychological factors such as depression and anxiety in evaluation and treatment of physical pain. The report found that plaintiff's "higher-than-average" levels of depression, anxiety and somatization were likely to interfere with her physical treatment program. Tr. 139. Her depression level was rated as "serious." Tr. 141. The evaluating experts strongly recommended "mental health consultation/treatment before or as an adjunct to physical treatment for pain reduction." Tr. 143.

Defendant argues that there is no evidence that Tollison and Langley are acceptable medical sources, while plaintiff identifies them as psychologists who performed their evaluation at the

request of her treating physician. Examination of the record indicates that the report was done as part of the evaluation conducted by Dr. Shah, the pain specialist, and that the answers and results were reviewed and the interpretation adopted by Dr. Shah. The record includes a March 1, 2004 letter from Dr. Shah (pain specialist) to Dr. Bilkey, stating that Ms. Hayse "was evaluated in this office on March 1, 2004, after having filled out a comprehensive pain questionnaire and underwent [sic] a thorough interview and comprehensive pain management physical examination and evaluation." Tr. 192. Dr. Shah's March 1 office note mentions her "abnormal psychological profile." Tr. 191. On March 30, 2004, Dr. Shah dictated an explicit note adopting the report:

> Upon initial evaluation on March 1, 2004, this patient completed a P3 Pain Patient Profile. I have reviewed the patient's answers. I have also reviewed the interpretation provided by NCS Assessments. It is my opinion that the validity statement and results summary are accurate as reported. I also agree with the clinical interpretation and treatment recommendations made in the NCS Assessments report.
>
> It is my professional opinion that the written report from NCS Assessments is accurate as is.

Tr. 185.

Dr. Shah was a treating physician, which means that his opinion, set forth above, must be evaluated according to the "treating physician" standards. Furthermore, the record reflects that Dr. Shah, a pain specialist, believed that psychological elements, including depression, are highly relevant to the question of the extent to which Ms. Hayse's pain limits her functioning. By failing to address this important report, the ALJ failed to consider the record as a whole and failed to accord the proper weight to the opinion of a treating physician. These are errors requiring further proceedings.

Correction of these errors will likely impact other matters cited as error by plaintiff, including evaluation of the credibility of plaintiff's testimony and evaluation of the weight to be

3

accorded the opinion of Dr. Bilkey (who referred his patient to Dr. Shah). Accordingly, since further proceedings are required, it is not appropriate for the Court to address these issues at this time.

    An order in conformity has this day entered.